IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CHRISTIAN BLANCHARD** | § | |
| | § | |
| vs. | § | CASE NO. 6:23cv00367-JCB-KNM |
| | § | |
| **UT HEALTH EAST TEXAS EMS,** *et al.* | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christian Blanchard, proceeding *pro se* and *in forma pauperis*, filed the above-styled lawsuit on July 25, 2023. Defendants UT Health East Texas EMS, Haylee Velez, and Nolan Gerrity ("Defendants") filed a 12(b)(1) Motion to Dismiss (ECF 15). Plaintiff filed a response on September 28, 2023. For the reasons below, the motion to dismiss should be granted and the lawsuit should be dismissed without prejudice.

*Background*

In the Complaint, Plaintiff states that Defendants – UT Health East Texas EMS and two EMTs working for UT Health East Texas EMS – are being sued for negligence and deviation from standard of care. Plaintiff submits that these actions have caused physical, emotional and financial loss beginning on the date of injury, July 31, 2021.

Defendants filed a Motion to Dismiss asserting that this court lacks subject matter jurisdiction. Defendants submit that Plaintiff filed this lawsuit as a civil rights action pursuant to 42 U.S.C. § 1983, but Plaintiff has not alleged the loss of a constitutional or federal statutory right or shown that Defendants were acting under color of state law.

Plaintiff filed a response asserting that the case was filed in federal court because Plaintiff received advice in the Smith County district clerk's office to file it in federal court. Plaintiff

1

submits that "[p]art of this lawsuit is a Section 1983 civil rights case."[1]  Plaintiff seeks "the opportunity to file the suit correctly as this is a malpractice/negligence case."[2]

*Discussion and Analysis*

In response to a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), the burden is on the plaintiff as the party asserting jurisdiction to establish that jurisdiction does in fact exist.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution.  *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997).  The burden is on Plaintiff, as the party in this case seeking the federal forum, to establish federal jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  An action must be dismissed if the court determines that subject matter jurisdiction is lacking.  FED. R. CIV. P. 12(h)(3).

In the Complaint, Plaintiff checked the box stating that the basis for jurisdiction is "federal question," but Plaintiff did not specify the federal statute or provision of the United States Constitution providing jurisdiction in this case.[3]  Plaintiff has not identified a federal law that provides a basis for federal jurisdiction pursuant to 28 U.S.C. § 1331.  To the extent Plaintiff seeks

---

[1] *See* Letter from Plaintiff, ECF 17.  It is noted that Plaintiff filed four separate lawsuits in federal court in July 2023, including a lawsuit against the Tyler Police Department.  *Blanchard v. City of Tyler Police Department, et al.*, Civil Action No. 6:23-cv-00368-JCB-JDL.
[2] *Id*.
[3] *See* Complaint, ECF 1, at *3.

to pursue a claim pursuant to 42 U.S.C. § 1983, Plaintiff has not alleged any facts to support a § 1983 claim. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). Plaintiff does not allege any facts showing that Defendants are state actors or the violation of a constitutional right. Instead, Plaintiff asserts negligence claims. Negligence does not provide a basis for relief in a federal civil rights lawsuit. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988).

To the extent Plaintiff may alternatively seek jurisdiction pursuant to 28 U.S.C. § 1332, establishing diversity jurisdiction requires both that the parties are diverse and that the amount in controversy exceeds the sum or value of $75,000. Section 1332 requires complete diversity between all plaintiffs and defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606 (2005). The Complaint does not allege sufficient facts to establish diversity jurisdiction. Plaintiff provides Texas addresses for all parties. As the party seeking to establish federal jurisdiction, the burden is on Plaintiff to "distinctly and affirmatively allege[] the citizenship of the parties" and the failure to do so mandates dismissal. *Howery v. Allstate Ins. Co.*, 243 F.3d at 919 (alteration in original) (internal quotation marks omitted). Plaintiff has not met the burden of establishing complete diversity between the parties.

In sum, the Court lacks subject matter jurisdiction. The motion to dismiss should be granted.

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (ECF 15) be granted and that the complaint be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 3rd day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE